IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), | CASE NO. |
| | JUDGE |
| Plaintiff, | |
| v. | |
| GENERAL MOTORS LLC, | |
| Defendant. | |

**COMPLAINT**

NATURE OF CASE

1. This is an action brought under §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, for breach of a labor contract to which the Plaintiff, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW") and the Defendant, General Motors LLC (the "Company") are parties. The UAW brings this §301 action to remedy the Company's failure to comply with the parties' Plant Closing and Sale Moratorium letter agreement which prohibits the Company from closing or idling any plant during the term of the Collective Bargaining Agreement. Notwithstanding its obligations under that letter agreement, the Company has decided that the following plants will be "unallocated" - which is a synonym for "closed" or "idled" - during the term of the Collective Bargaining Agreement: Lordstown Assembly in Lordstown, Ohio; Baltimore Operations in White Marsh, Maryland; and Warren Transmission Operations in Warren, Michigan.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this lawsuit pursuant to 29 U.S.C. §185 and 28 U.S.C. §1331.

3. Venue lies in this District pursuant to 29 U.S.C. §185 and 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff is a labor organization representing employees of an employer in an industry affecting commerce under 29 U.S.C. §185.

5. The offices of the UAW are at 8000 East Jefferson Ave., Detroit, Michigan 48214.

6. The Defendant Company is a Delaware Corporation that employs various individuals represented by Plaintiff for the purpose of collective bargaining.

7. The Company is an employer in an industry affecting commerce under 29 U.S.C. §185.

8. The Company's principal offices are located at 300 Renaissance Center, Detroit, Michigan 48265, and it also has extensive operations within this District.  The Company owns and operates the Lordstown Assembly plant in Lordstown, Ohio, Trumbull County.

## FACTS

9. The UAW and the Company are parties to a National Collective Bargaining Agreement (the "Agreement").

10. The duration of the Agreement between the UAW and the Company is from October 25, 2015 until 11:59 p.m. (eastern time), September 14, 2019.  A true and correct copy of the Agreement is attached as Exhibit A and is incorporated herein by reference.

Plant Closing and Sale Moratorium – Doc. No. 13

11. The UAW and the Company are parties to a letter agreement entitled Doc. No. 13, Plant Closing and Sale Moratorium that is attached to the Agreement. See Exhibit A, p. 356.

12. Doc. No. 13 reads, in its entirety, as follows:

Doc. No. 13
**PLANT CLOSING AND SALE MORATORIUM**

**GENERAL MOTORS LLC**

October 25, 2015

Mrs. Cynthia Estrada
Vice President and Director
General Motors Department
International Union, UAW
8000 East Jefferson Avenue
Detroit, Michigan  48214

Dear Mrs. Estrada:

Subject:  Plant Closing Moratorium

As a result of your deep concern about job security in our negotiations and the many discussions which took place over it, this will confirm that during the term of the new Collective Bargaining Agreement, the Company will not close, idle, nor partially or wholly sell, spin-off, split-off, consolidate or otherwise dispose of in any form, any plant, asset, or business unit of any type, beyond those which have already been identified, constituting a bargaining unit under the Agreement.

In making this commitment, it is understood that conditions may arise that are beyond the control of the Company, (i.e. market related volume decline, act of God), and could make compliance with this commitment impossible. Should such conditions occur, the Company will review both the conditions and their impact on a particular location with the Union.

Should it be necessary to close or idle a plant constituting a bargaining unit consistent with our past practice, the Company will attempt to redeploy employees to other locations and, if necessary, utilize Attachment A of Appendix K of the GM-UAW National Agreement or other incentivized attrition programs as agreed to by the National Parties.

Very truly yours,

Catherine L. Clegg
Vice President
North American Manufacturing
and Labor Relations

13. Notwithstanding its promise in Doc. No. 13 not to close or idle a plant during the term of the Agreement, the Company announced on November 26, 2018 that it decided to "unallocate" the following plants:  Lordstown Assembly in Lordstown, Ohio; Baltimore

Operations in White Marsh, Maryland; and Warren Transmission Operations in Warren, Michigan ("the plants").

14. There is no material difference between unallocating a plant and idling or closing a plant for purposes of the Company's obligation under Doc. No. 13.

15. Characterizing the plants as "unallocated" – rather than closed or idled – does not relieve the Company of its obligation to comply with Doc. No. 13.

16. The Company has informed the UAW that it will end production at Lordstown Assembly, prior to the expiration of the Agreement, on March 8, 2019.

17. The Company has informed the UAW that it will end production at Baltimore Operations, prior to the expiration of the Agreement, on May 3, 2019.

18. The Company has informed the UAW that it will end production at Warren Transmission Operations, prior to the expiration of the Agreement, on August 1, 2019.

19. The Company's unilateral decision to end production and idle/close the plants was not made because of "conditions that are beyond the control of the Company (i.e., market related volume decline, act of God)" that "make compliance [with Doc. No. 13] impossible."

## CLAIM FOR RELIEF

(Breach of Contract, under 29 U.S.C. §185)

20. The allegations in Paragraphs 1-19 above are re-alleged and incorporated herein by reference.

21. Doc. No. 13 is a "contract [] between an employer and a labor organization representing employees in an industry affecting commerce" within the meaning of LMRA §301, 29 U.S.C. §185.

22. The Company violated Doc. No. 13 by deciding to "unallocate" (i.e., idle/close) Lordstown Assembly, Baltimore Operations, and Warren Transmission Operations during the term of the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, the UAW respectfully requests that this Court:

A. Find and declare that the Company is in breach of its contractual obligations under Doc. No. 13.

B. Order the Company to:

    1. Rescind its decision to close Lordstown Assembly, Baltimore Operations, and Warren Transmission Operations; and

    2. Take no further steps to close these plants during the term of the Agreement.

C. Award damages to make affected employees whole for all losses resulting from the Company's breach of contract, including, but not limited to, back wages and benefits.

D. Order such other further relief as the Court may deem appropriate.

Respectfully submitted,

/s/ JOYCE GOLDSTEIN
Joyce Goldstein (OH #0029467)
*jgoldstein@ggcounsel.com*
Richard L. Stoper, Jr. (OH #0015208)
*rstoper@ggcounsel.com*
GOLDSTEIN GRAGEL LLC
1111 Superior Avenue East, Suite 620
Cleveland, OH 44114
Phone: (216) 771-6633
Fax: (216) 771-7559

        /s/ JEFFREY D. SODKO
        Jeffrey D. Sodko (P65076)
        *jsodko@uaw.net*
        William J. Karges (P57360)
        *wkarges@uaw.net*
        UAW LEGAL DEPARTMENT
        8000 E. Jefferson Avenue
        Detroit, MI 48214
        (313) 926-5216

        Attorneys for Plaintiff UAW

Date: February 26, 2019